UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| VICTOR A. TAVARES | : | |
| | : | |
| v. | : | C.A. No. 19-00291-WES |
| | : | |
| RHODE ISLAND SUPERIOR | : | |
| COURT, et al. | : | |

**REPORT AND RECOMMENDATION**

Lincoln D. Almond, United States Magistrate Judge

Pro se Plaintiff Victor A. Tavares, a prisoner at the Adult Correctional Institutions ("ACI"), has brought claims pursuant to 31 U.S.C. § 3729 against the Rhode Island Superior Court, Rhode Island Office of the Attorney General and Rhode Island Public Defenders' Office. Pending before me for determination is Plaintiff's Application to Proceed In Forma Pauperis ("IFP") (ECF Doc. No. 2) without being required to prepay costs or fees, including the $400.00 civil case filing fee pursuant to 28 U.S.C. § 1915. Based on my review of the IFP Application, Plaintiff has satisfied the requirements of 28 U.S.C. § 1915(a)(1); accordingly, if the Complaint survives screening, I will grant the IFP Motion and calculate the initial filing fee that must be paid before the case may proceed. However, because of the IFP Application, this case is subject to preliminary screening. Pursuant to 28 U.S.C. § 1915(e)(2), this Court is required by statute to review the Plaintiff's Complaint sua sponte and to dismiss this suit if it is "frivolous or malicious," "fails to state a claim on which relief may be granted" or "seeks monetary relief against a defendant who is immune from such relief." For the reasons discussed below, I recommend that Plaintiff's Complaint be DISMISSED because it fails to state a claim upon which relief can be granted pursuant to

28 U.S.C. § 1915(e)(2)(B). I further recommend summary dismissal without leave to amend because the Complaint is "patently meritless and beyond all hope of redemption." Brown v. Rhode Island, 511 F. App'x 4, 5 (1st Cir. 2013).

**Background**

Plaintiff is an inmate at the ACI in Cranston, Rhode Island. His pro se Complaint filed on May 21, 2019 is the seventh pro se action Plaintiff has filed within a roughly eighteen-month period. Plaintiff filed this Complaint pursuant to the False Claims Act ("FCA") 31 U.S.C. § 3729, et seq., which establishes liability for one who "knowingly presents, or causes to be presented, a false or fraudulent claim for payment or approval" to the United States or one of its employees or contractors. In this iteration, Plaintiff asserts that the Defendants are engaged in a conspiracy which allows state court defendants to be "tried or plead without any subject-matter jurisdiction." (ECF Doc. No. 1 at p. 3). The Complaint alleges that the Defendants "use the lack of subject-matter jurisdiction to secure convictions, to later make claims that the prosecutions and convictions are lawful. All the while appropriating funding from the Federal and State Government." Id. He argues "[t]he purpose is, and always has been, the unjust enrichment of the Defendants." Id.

**Standard of Review**

Section 1915 of Title 28 requires a federal court to dismiss an action brought thereunder if the court determines that the action is frivolous, fails to state a claim or seeks damages from a defendant with immunity. 28 U.S.C. § 1915(e)(2)(B). The standard for dismissal of an action taken IFP is identical to the standard for dismissal on a motion to dismiss brought under Fed. R. Civ. P. 12(b)(6). See Fridman v. City of N.Y., 195 F. Supp. 2d 534, 538 (S.D.N.Y. 2002). In other words, the court "should not grant the motion unless

it appears to a certainty that the plaintiff would be unable to recover under any set of facts." Roma Constr. Co. v. aRusso, 96 F.3d 566, 569 (1st Cir. 1996). Section 1915 also requires dismissal if the court is satisfied that the action is "frivolous." 28 U.S.C. § 1915(e)(2)(B)(I). A claim "is frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

**Discussion**

I recommend that Plaintiff's Complaint be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). In making this recommendation, I have taken all of the allegations in Plaintiff's Complaint as true and have drawn all reasonable inferences in his favor. Estelle v. Gamble, 429 U.S. 97 (1976). In addition, I have liberally reviewed Plaintiff's allegations and legal claims since they have been put forth by a pro se litigant. See Haines v. Kerner, 404 U.S. 519, 520-521 (1972). However, even applying these liberal standards of review to Plaintiff's Complaint, dismissal is required.

Plaintiff's purported claims under the FCA fail for at least two reasons. First, the Complaint fails to allege the factual elements necessary to state a claim under the FCA. "A proper False Claims Act claim has three elements: (1) the defendant presented a claim for payment or approval to the government, (2) the claim was 'false or fraudulent,' and (3) the defendant acted knowing that the claim was false." U.S. ex rel. Folliard v. Govplace, 930 F. Supp. 2d 123, 127 (D.D.C. 2013) (internal citations omitted). Plaintiff does not address any of these elements, and nothing in the Complaint can be construed as satisfying them. Second, and critically for Plaintiff's FCA claims, a relator in a qui tam action may not proceed pro se. See Nasuti v. Savage Farms Inc., No. 14-1362, 2015 WL 9598315 at *1 (1st Cir. Mar 12, 2015); U.S. ex rel. Rockefeller v. Westinghouse Elec. Co., 274 F. Supp. 2d 10,

12 (D.D.C.2003) (holding that "[t]he need for adequate legal representation on behalf of the United States is obviously essential"). As Plaintiff makes clear, he is proceeding ex relatione seeking to proceed as an "original source" "on behalf of the United States and The State of Rhode Island" and he "seeks the awards authorized under 31 U.S.C.S. 3730(d)…" (ECF Doc. No. 1 at p. 1-2). Plaintiff's FCA claims therefore fail to state a claim upon which relief may be granted because he is impermissibly attempting to proceed without counsel. <u>Ananiev v. Freitas</u>, 37 F. Supp. 3d 297, 306-307 (D.D.C.), aff'd, 587 F. App'x 661 (D.C. Cir. 2014).

**Conclusion**

For the foregoing reasons, I recommend that Plaintiff's Complaint (ECF Doc. No. 1) be DISMISSED and that his Application to Proceed IFP (ECF Doc. No. 2) be DENIED.[1]

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within fourteen days of its receipt. <u>See</u> Fed. R. Civ. P. 72(b); LR Cv 72. Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision. <u>See United States v. Valencia-Copete</u>, 792 F.2d 4, 6 (1st Cir. 1986); <u>Park Motor Mart, Inc. v. Ford Motor Co.</u>, 616 F.2d 603, 605 (1st Cir. 1980).

/s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
May 28, 2019

---

[1] Plaintiff is cautioned that if this Report and Recommendation is adopted, it would count as one of three "strikes" he is afforded as a prisoner seeking IFP status. Under 28 U.S.C. §1915(g), a prisoner who has three or more actions or appeals dismissed on the grounds that it is "frivolous, malicious or fails to state a claim upon which relief may be granted…" is barred from bringing a subsequent action IFP unless that prisoner is "under imminent danger of serious physical injury."