UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

```
_____
                               )
VICTOR A. TAVARES,             )
                               )
        Plaintiff,             )
                               )
    v.                         )    C.A. No. 19-291 WES
                               )
                               )
RHODE ISLAND SUPERIOR COURT,   )
et al.                         )
                               )
        Defendants.            )
_____)
```

**MEMORANDUM AND ORDER**

WILLIAM E. SMITH, Chief Judge.

Before the Court is Magistrate Judge Lincoln D. Almond's Report and Recommendation ("R&R"), ECF No. 3, recommending that Plaintiff's Complaint, ECF No. 1, be dismissed, and that his Application to Proceed In Forma Pauperis ("IFP"), ECF No. 2, be denied. Plaintiff filed a timely objection. For the reasons that follow, Plaintiff's objection is overruled, and the Court adopts Magistrate Judge Almond's recommendations. The Complaint, ECF No. 1, is DISMISSED WITH PREJUDICE, and the IFP Application, ECF No. 2, is DENIED.

I.  Background

Plaintiff Victor A. Tavares is an inmate at the Adult Correctional Institution ("ACI") in Cranston, Rhode Island, who filed a Complaint pursuant to the False Claims Act ("FCA"), 31 U.S.C. §

3729. The FCA imposes liability on someone who "knowingly presents, or causes to be presented, a false or fraudulent claim for payment or approval." Id. § 3729(a)(1)(A). As Magistrate Judge Almond indicated, Tavares alleges that Defendants participated in a conspiracy to permit state court defendants to be "tried or plead without any subject-matter jurisdiction." R&R 2 (quoting Compl. ¶ 9, ECF No. 1). Tavares claims that Defendants "use the lack of subject-matter jurisdiction to secure convictions, to later make claims that the prosecutions and convictions are lawful," with the purpose of "unjust enrichment of the Defendants." Compl. ¶¶ 10–11; see R&R 2.

Upon review, Magistrate Judge Almond recommended that Tavares' complaint be dismissed and that his IFP petition denied because "[the complaint] fails to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)." R&R 1–2. Magistrate Judge Almond further recommended summary dismissal without leave to amend, finding that complaint is "patently meritless and beyond all hope of redemption." Id. at 2 (quoting Brown v. Rhode Island, 511 F. App'x 4, 5 (1st Cir. 2013)).

II. Legal Standard

For IFP proceedings, the Court must dismiss a case if "the action . . . fails to state a claim on which relief may be granted."

28 U.S.C. § 1915(e)(2).[1]  "The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2) . . . is identical to the standard used when ruling on a Rule 12(b)(6) motion." Rodriguez v. Cabral, C.A. No. 16-203 S, 2016 WL 3033712, at *1 (D.R.I. May 26, 2016) (quoting Chase v. Chafee, No. CA 11-586 ML, 2011 WL 6826504, at *2 (D.R.I. Dec. 9, 2011)).  For a complaint to survive a motion to dismiss under Rule 12(b)(6), it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  To make this decision, the Court "must determine whether the factual allegations are sufficient to support 'the reasonable inference that the defendant is liable for the misconduct alleged.'" García-Catalán v. United States, 734 F.3d 100, 103 (1st Cir. 2013) (quoting Haley v. City of Boston, 657 F.3d 39, 46 (1st Cir. 2011)).

III. Discussion

The Court concurs with Magistrate Judge Almond's finding that Tavares' complaint be dismissed and his IFP Petition denied because he has not stated a claim upon which relief can be granted under the FCA.  See R&R 1–2, 4.  An FCA claim has three elements: "(1)

---

[1] The Court will liberally review Tavares' allegations and legal claims since they have been put forth by a pro se litigant. See Haines v. Kerner, 404 U.S. 519, 520 (1972).

3

the defendant presented a claim for payment or approval to the government, (2) the claim was 'false or fraudulent,' and (3) the defendant acted knowing that the claim was false." United States ex rel. Folliard v. Govplace, 930 F. Supp. 2d 123, 127 (D.D.C. 2013) (quoting United States ex rel. Schwedt v. Planning Research Corp., 59 F.3d 196, 198 (D.C. Cir. 1995)). Although Tavares contends that he set forth adequate facts, Magistrate Judge Almond found that Tavares' factual allegations do not address any of the elements of an FCA claim. R&R 3; Obj. to R&R 2, ECF No. 4. The Court agrees with Magistrate Judge Almond's finding because Tavares does not plead any facts that could support an FCA claim. See GovPlace, 930 F. Supp. 2d at 127; R&R 2; see generally Compl. (stating no facts that are relevant to establishing an FCA claim).

Magistrate Judge Almond also indicated that Tavares' FCA claims must fail because "a relator in a qui tam action may not proceed pro se." R&R 3. Specifically, Tavares' complaint states that he is seeking to be the "original source . . . in this civil action; also on behalf of the United States and [t]he State of Rhode Island." Compl. ¶ 3 (quotation marks omitted). Tavares objects to Magistrate Judge Almond's analysis because "[n]othing in the statutory construct of the FCA requires a private person [to] obtain counsel." Obj. to R&R 2; see R&R 3. The Court agrees with Magistrate Judge Almond. The First Circuit has held that "an individual may appear in federal courts only pro se or through

4

legal counsel." Herrera-Venegas v. Sanchez-Rivera, 681 F.2d 41, 42 (1st Cir. 1982) (emphasis added) (citing 28 U.S.C. § 1654); see also Nasuti v. Savage Farms Inc., No. 14-1362, 2015 WL 9598315, at *1 (1st Cir. Mar. 12, 2015) (finding that a pro se plaintiff cannot bring an action in the government's name under 31 U.S.C. § 3730(b)(1)).

Lastly, Tavares objects to the R&R because he claims that a dismissal under the FCA can occur "only if the court and the Attorney General give written consent to the dismissal and their reasons for consenting." Obj. to R&R 2-3 (quoting 31 U.S.C. § 3730(b)(1)). This provision is irrelevant. Section 3730(b)(1) only applies when the relator seeks a voluntary dismissal, not when the Court orders the dismissal. See United States ex rel. Shaver v. Lucas W. Corp., 237 F.3d 932, 934 (8th Cir. 2001) (stating that the Attorney General's consent is not necessary when a claim is being dismissed for failure to state a claim); see also Searcy v. Philips Elecs. N. Am. Corp., 117 F.3d 154, 158 (5th Cir. 1997) ("[T]he government forthrightly acknowledges that requiring the government's consent to an involuntary dismissal would raise separation-of-powers concerns.").

IV. Conclusion

Having overruled Tavares' objections, the Court ACCEPTS Judge Almond's R&R, ECF No. 3, and adopts its reasoning, pursuant to 28 U.S.C. § 636(b)(1). The Court therefore DISMISSES Tavares'

5

Complaint WITH PREJUIDICE, ECF No. 1, and DENIES his IFP application, ECF No. 2.[2]

IT IS SO ORDERED.

/s/ William E. Smith

William E. Smith
Chief Judge
Date: August 21, 2019

---

[2] The Court expressly adopts Magistrate Judge Almond's recommendation that Tavares should not be able to amend his complaint because the complaint was "patently meritless and beyond all hope of redemption." See Compl.; R&R 2 (quoting Brown, 511 F. App'x at 5.).